UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD DOBESKI, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:13-cv-00484-WTL-TAB |
| ) | |
| SUPERINTENDENT, New Castle ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, Richard Dobeski's petition for writ of habeas corpus must be denied and this action dismissed.

**Discussion**

Richard Dobeski seeks a writ of habeas corpus based on his claim that a prison disciplinary proceeding conducted on February 1, 2013, is tainted with constitutional error. In the challenged proceeding, Dobeski was found guilty of violating prison rules by refusing to participate in the prison=s Sex Offender Management and Monitoring ("SOMM") program. The sanctions imposed on Dobeski included the loss of a period of earned credit time and thereby extended the anticipated duration of his confinement.

AFederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.@ *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

Dobeski is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Prison regulations require that a prisoner Awith a history of a sex offense conviction@ participate in the SOMM. It is then a disciplinary infraction to be subject to the SOMM, to be directed to participate, and to refuse to do so.

It is undisputed that Dobeski is such a person because of his conviction for Child Molesting in LaPorte County. *See Dobeski v. State*, 903 N.E.2d 1068 (Ind.Ct.App. Mar. 16, 2009)(unpublished). This is also confirmed by the civil suit he filed in this court as No. 1:12-cv-00138-TWP-TAB, which was transferred to the Northern District of Indiana in March 2012. His habeas petition in this case makes clear that he was directed to participate in the SOMM and refused to do so.

Dobeski's challenge is based on his claims that (1) he has a habeas challenge to his conviction pending in the Northern District of Indiana, (2) he was charged with this offense four days fewer than the minimum 60-day interval between charges required by prison rules, and (3) it is unacceptable to compel admissions of guilt from inmates who maintained their innocence.

Dobeski's challenge is doomed. The SOMM requirement is constitutionally unexceptionable. *McKune v. Lile,* 536 U.S. 24, 49 (2002) (finding that, in a case where an inmate refused to participate in a sexual abuse treatment program, certain changes in living conditions, such as restrictions in visitation privileges, reduction in wages from prison employment, and a transference from a medium security to maximum security facility program, were not Aserious enough@ to constitute unconstitutional compulsion). There is no question, moreover, that the SOMM requirement bears a Areasonable relation to the purpose@ for which inmates required to participate in it (sex offenders) have been imprisoned. *Selig v. Young,* 531 U.S. 250, 265 (2001). Comparable arguments were made and rejected in *Grennier v. Frank,* 453 F.3d 442, 4440-45 (7th Cir. 2006). The asserted infraction of the prison policy, moreover, does not state a claim cognizable under § 2254(a). *Colon v. Schneider,* 899 F.2d 660, 672–73 (7th Cir. 1990).

**Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Dobeski to the relief he seeks. (The court declines Dobeski's invitation to invalidate all of his SOMM-based prison discipline; only the proceeding described as having occurred on February 1, 2013 is addressed in

this Entry.) Accordingly, Dobeski's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue. Dobeski's motion for directed judgment of restoration of credit time taken [Dkt 4] is **denied.**

    **IT IS SO ORDERED.**

Date: 06/10/2013

Distribution:

Richard Dobeski
DOC #190078
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana